# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Olivia Rayn a.k.a. <br> Olivia J. Fields, <br><br> Plaintiff, <br><br> vs. <br><br> Receivables Management Partners, LLC <br> dba RMP Services, LLC, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, OLIVIA RAYN A.K.A. OLIVIA J. FIELDS, THROUGH COUNSEL, DANIEL BRENNAN, ESQ., and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Atlanta, Fulton County, Georgia.

3. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Atlanta, Fulton County, Georgia.

5. The Defendant to this lawsuit is Receivable Management Partners, LLC dba RMP Services, LLC ("Defendant") which is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect two of its consumer-type debts allegedly owed by Plaintiff to Rush Copley Medical Center in the amounts of $445.00 and $2,398.00 (the "alleged Debts").

7. Plaintiff disputes the alleged Debts.

8. On November 9, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the alleged Debts as collection items.

9. On November 11, 2021, Plaintiff obtained her Experian credit disclosure and noticed Defendant reporting the alleged Debts as collection items.

10. On or about November 22, 2021, Plaintiff sent Defendant a letter disputing the alleged Debts.

11. On January 24, 2022, Plaintiff obtained her Trans Unions credit disclosure and noticed Defendant last reported the collection items reflected by the

alleged Debts to Trans Union on January 21, 2022, and failed or refused to flag its collection items as disputed, in violation of the FDCPA.

12. On January 25, 2022, Plaintiff obtained her Experian credit disclosure and noticed Defendant last reported the collection items reflected by the alleged Debts to Experian on January 21, 2022, and failed or refused to flag its collection items as disputed, in violation of the FDCPA.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Experian and Trans Union to flag its collection items as Disputed.

15. Defendant's inaction to have its collection item on Plaintiff's Experian and Trans Union credit reports flagged as disputed was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection items.

**<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Plaintiff has suffered harm and damages at the hands of the Defendant has this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. Defendant's failure to flag its collection items on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored these debts when, in fact, she disputes its validity.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e by using false or misleading representations by failing to flag the Alleged Debts as disputed.

24. As direct and proximate cause of the Defendant's failure to flag its collection items as disputed, Plaintiff has suffered stress resulting in fights with spouse, loss of sleep, frustration, and feelings of helplessness and hopelessness. Additionally, Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grants her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  February 23, 2022                    By: */s/ Daniel Brennan*

Daniel Brennan
Bar Number 271142
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

E-Mail: daniel@crlam.com

*Attorneys for Plaintiff,*
*Olivia Rayn a.k.a. Olivia J. Fields*